UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JULIE MULNIX,

             Plaintiff,                  CIVIL ACTION NO. 05 CV 72915 DT

        v.                         DISTRICT JUDGE JOHN FEIKENS

JO ANNE B. BARNHART,            MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

             Defendant.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

      This Social Security Disability case comes before the court on the parties' cross-motions

motion for summary judgment.  For the reasons stated below, the court recommends that the

Commissioner's motion be granted and that plaintiff's motion be denied.

### II.  Background

      Plaintiff filed an application for Social Security Disability Insurance Benefits (DIB) on

August 17, 2001, claiming that she was disabled due to pain in her lower back, with a disability

onset date of October 15, 2000.  (Tr. 40)  Plaintiff was 44 years of age when she filed the

application, with a work history including employment as a press operator, control inspector,

door operator, and librarian assistant.  (Tr. 15)

- 1 -

The Social Security Administration (SSA) denied the claim on January 30, 2002. (Tr. 27-32) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 33) The hearing was held on January 21, 2004, before ALJ Adrian Sannier. (Tr. 392-413) On May 27, 2004, the ALJ issued a decision denying plaintiff's claim. (Tr. 11-20) The ALJ determined that plaintiff suffered from neck and shoulder pain and that her impairments were "severe" within the meaning of 20 C.F.R. § 404.1520, but that she did not have an impairment or combination of impairments that met or equaled any impairment listed in Appendix 1, Subpart P of the Social Security Regulations. Id. The ALJ further determined that plaintiff retained the capacity to perform her past relevant work as a door opener. Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act. Id.

Following the ALJ's denial of her application, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 9) The Appeals Council denied the request on May 25, 2005. (Tr. 4-8) The ALJ's decision thus became the final decision of the Commissioner.

On July 26, 2005, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). As noted above, the matter comes before the court on the parties' cross-motions for summary judgment. Plaintiff contends in her motion that the ALJ erred in concluding that her door opener job constituted past relevant work and, therefore, that the ALJ's disability determination is not supported by substantial evidence. The Commissioner contends that the ALJ's decision is supported by substantial evidence and should thus be affirmed.

- 2 -

### III.  Legal Standards

#### A.  Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).  The claimant bears of the burden of proving that he is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate DIB claims.  20 C.F.R. § 404.1520.  As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity.  Next the claimant must demonstrate that she has a "severe impairment."  A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment.  If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the

performance of past work, then other factors, including age,
education, past work experience, and residual functional capacity
must be considered to determine if other work can be performed.
The burden shifts to the Commissioner at this fifth step to establish
the claimant's ability to do other work.

**B.  Standard of Review**

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g),

which provides, in part:

Any individual, after any final decision of the Commissioner of
Social Security made after a hearing to which he was a party,
irrespective of the amount in controversy, may obtain a review of
such decision by a civil action commenced within sixty days after
the mailing to him of notice of such decision or within such further
time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's

findings are supported by substantial evidence and whether the ALJ applied the proper legal

standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan,

109 F.3d 270, 273 (6th Cir. 1997).  The Sixth Circuit stated in Brainard, 889 F.3d at 681, that

"[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance

and is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." Further, "the decision of an ALJ is not subject to reversal, even if there is

substantial evidence in the record that would have supported an opposite conclusion, so long as

substantial evidence supports the conclusion reached by the ALJ."  Key, 109 F.3d at 273.

**IV.  Analysis**

The ALJ determined that plaintiff's "past relevant work" included her position as a door opener for General Motors, which plaintiff described as a position in which "there was a chair next to the outside wall and it was a garage door opener is what you were doing. You hit the button and let the truck drivers in and out so that the – there was a line right there so that when the door was open the people weren't freezing, because the door would go up and stay up." (Tr. 399) The ALJ concluded that plaintiff retained the capacity to perform the door opener job and, therefore, that she was not disabled. Plaintiff contends that the door opener position does not constitute "past relevant work" within the meaning of 20 C.F.R. § 404.1560(b)(1), and therefore, that ALJ erred in concluding that she was not disabled based upon a finding that she could perform that job.

The term "past relevant work" is defined in § 404.1560(b)(1) as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." The term "substantial gainful activity" is defined as follows in 20 C.F.R. § 404.1510: "Substantial gainful activity means work that–(a) Involves doing significant and productive physical or mental duties; and (b) Is done (or intended) for pay or profit." "Substantial gainful activity" is further defined in 20 C.F.R. § 404.1572:

> Substantial gainful activity is work activity that is both substantial and gainful:
>
> (a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility that when you worked before.

> (b) *Gainful work activity*.  Gainful work activity is work
> activity that you do for pay or profit.  Work activity is gainful if it
> is the kind of work usually done for pay or profit, whether or not a
> profit is realized.

The record establishes that plaintiff held the door opener position within the last 15 years, and plaintiff does not contest that the position lasted long enough for her to have learned it. Rather, plaintiff argues that the job does not meet the definition of "substantial gainful activity."

The primary consideration in determining whether a claimant's past employment constitutes substantial gainful activity is the earnings the claimant derived from that employment.  See 20 C.F.R. § 404.1574.  Plaintiff does not contend that her earnings from the door opener position were below the earnings level at which a job may be considered to be substantial gainful activity.  See 20 C.F.R. § 404.1574(b)(2).  Further, plaintiff has not shown that the door opener position was performed under "special conditions," as set forth in 20 C.F.R. § 404.1574, such that it does not constitute substantial gainful activity.  Plaintiff's claim that the job does not constitute substantial gainful activity rests upon her own testimony that the position "wasn't really a job.  They just – it was supposed to have an automatic eye, but it never worked[.]" (Tr. 399)  Plaintiff also notes that the vocational expert (VE) who testified at the hearing commented that the door opener job did not appeared to be a "manufactured job for her" and that it was not a regular job."  (Tr. 408-410)

The claimant bears the burden of demonstrating at the fourth step of the disability determination process that a prior job should not be considered "substantial gainful activity." See, e.g., Grant v. Commissioner of Social Sec., 91 F.3d 143 (Table), 1996 WL 403111 (6th Cir.(Ohio))("As the burden is on grant to show that his prior job was not substantial gainful

activity, the ALJ's determination that Grant's job as a telephone solicitor was appropriate relevant past work was not in error").  While the testimony cited by plaintiff raises some questions as to whether the door opener job should be considered substantial gainful activity, the court finds that the testimony is insufficient to establish that the door opener job does not meet the *regulatory* definition of "substantial gainful activity."  Again, plaintiff has not shown that the earnings she derived from that job fall below the level at which work may be considered substantial gainful activity, nor has she shown that she performed the work under any of the "special conditions" set forth in 20 C.F.R. § 404.1574.  In sum, plaintiff has failed to carry her burden of showing that her past job as a door opener was not "past relevant work."

Further, to the extent the ALJ's step four determination was erroneous, the court agrees with the Commissioner's contention that the error was harmless.  Plaintiff has raised no objections to the ALJ's findings regarding her RFC.  At the hearing, the (VE) testified that a person with the RFC identified by the ALJ could perform not only plaintiff's past work as a door opener, but could also work as a gate attendant and an electronic surveillance monitor.  (Tr. 410) The VE further testified that there were a total of 10,000 such positions in the State of Michigan.  Thus, there is substantial evidence in the record to support a step five determination that plaintiff is capable of performing other work that exists in the national economy.  See Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987)(testimony of VE in response to accurately formed hypothetical sufficient to support finding that claimant is not disabled).  Plaintiff acknowledged in her brief that the ALJ's step four determination may be subject to harmless error analysis, but offered no cogent explanation as to why the ALJ's step four error, if

- 7 -

any, should not be considered harmless in light of the testimony of the VE.  While the ALJ did not render a step five determination, it would be a useless formality to remand this matter for further proceedings where there is evidence in the record that would plainly support a step five finding that plaintiff is not disabled.  In light of the testimony of the VE, which the ALJ expressly referenced in his opinion, there is no absolutely no reason for this court to think that the ALJ would reach a different result on remand.  See, e.g., Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989)("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result').

**V.  Conclusion**

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's cross-motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

magistrate judge.

      Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.

                                           s/Virginia M. Morgan
                                       VIRGINIA M. MORGAN
Dated:    January 6, 2006                   UNITED STATES MAGISTRATE JUDGE

---

**<u>PROOF OF SERVICE</u>**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record and the Social Security Administration via the Court's ECF System and/or U. S. Mail on January 6, 2006.

                                   s/Jennifer Hernandez
                                   Case Manager to
                                   Magistrate Judge Virginia M. Morgan